## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GLORIA LOPEZ,

      Plaintiff,

v.                                     CV No. 21-966 CG

UNITED STATES POSTAL SERVICE, et al.,

      Defendants.

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
### ORDER FOR AMENDED COMPLAINT

**THIS MATTER** is before the Court on Plaintiff Gloria Lopez's *pro se Civil Rights Complaint Pursuant to 42 U.S.C. § 1983* (the "Complaint"), (Doc. 1); and her *Application to Proceed in District Court Without Prepaying Fees or Costs*, (Doc. 3), both filed on October 1, 2021.

**Application to Proceed *in forma pauperis***

The statute for proceeding *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed. Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs . . . ." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Ms. Lopez signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) her monthly income during the past twelve months is $0.00; (ii) her monthly expenses total $900.00; (iii) she has $0.00 in cash and no funds in a bank account; and (iv) her twelve-year-old son relies on her for support. As such, the Court finds that Ms. Lopez is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of these proceedings and her monthly income is $0.00. The Court will therefore grant Ms. Lopez's *Application to Proceed in District Court Without Prepaying Fees or Costs*, (Doc. 3).

**The Complaint**

Ms. Lopez, who was formerly employed by Defendant United States Postal Service, alleges that her employment was terminated by Defendant Postmaster Antunez on March 17, 2016, "for not wanting to participate in fraud and crime acts against customers and the Postal Service." (Doc. 1 at 2). Ms. Lopez also alleges she "was under terrible work harassment, humiliations and discrimination acts . . . witnessed crime fraud management abusement . . . [and] was a victim of a felony act months prior

2

to" being terminated, that U.S. Postal Service managers "were informed of the abusement and crime activities . . . since 2014," and that Defendant Antunez threatened "to turn [Plaintiff] in to immigration." *Id.* at 2-4.

The Complaint fails to state a claim upon which relief can be granted because most of the allegations regarding harassment, discrimination, and retaliation are not supported by factual allegations describing the harassment and retaliation or the basis of the discrimination (i.e., Plaintiff's race, color, religion, sex, or national origin, or retaliation). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Complaint also does not identify what specific legal right Ms. Lopez believes Defendants violated.

It appears that Ms. Lopez's claims may be barred by a statute of limitations because the acts complained of occurred in 2016 or earlier and Ms. Lopez, who had "opened an EEO case," has not indicated when she opened the EEO case or provided a copy of right to sue letter from the EEOC. *See* 31 U.S.C. § 3730(h)(3) (a civil action pursuant to the False Claims Act arising from retaliatory actions "may not be brought more than 3 years after the date when the retaliation occurred"); 42 U.S.C. § 2000e-5(f)(1) (once the EEOC determines not to pursue the charge, the employee has ninety days from receipt of the right to sue letter in which to file suit); 28 U.S.C. § 2401(a) ("A tort claim against the United States shall be forever barred unless it is presented in writing to appropriate Federal agency within two years after such claim accrues or

3

unless action is begun within six months after the date of notice of final denial of the claim by the agency to which it was presented").

**Dismissal of Proceedings *In Forma Pauperis***

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim . . . only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Ms. Lopez an opportunity to amend. Therefore, the Court will grant Ms. Lopez leave to file an amended complaint. The amended complaint must include a short and plain statement of the grounds for the Court's jurisdiction as required by Fed. R. Civ. P. 8(a)(1).

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). However, the Court will not order service of Summons and Complaint on Defendants at this time because the Complaint fails to state a claim on which relief can be granted. The Court will order service if Ms. Lopez files: (i) an

amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides Defendants' address.

**IT IS THEREFORE ORDERED** that:

(i)     Plaintiff Gloria Lopez's *Application to Proceed in District Court Without Prepaying Fees or Costs*, (Doc. 3), filed October 1, 2021, is **GRANTED.**

(ii)    Plaintiff Gloria Lopez may file an amended complaint **by October 27, 2021**. Failure to timely file an amended complaint may result in dismissal of the case.

**IT IS SO ORDERED.**

_____

THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE