IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GLORIA LOPEZ,

       Plaintiff,

v.                                                                 No. 2:21-cv-00966-KWR-CG

UNITED STATES POSTAL SERVICE and
ELVIA CONSUELO ANTUNEZ,

       Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed October 1, 2021 ("Complaint")

Plaintiff, who was formerly employed by Defendant United States Postal Service, alleges that her employment was terminated by Defendant Postmaster Antunez on March 17, 2016, "for not wanting to participate in fraud and crime acts against customers and the Postal Service." Complaint at 2.  Plaintiff also alleges she "was under terrible work harassment, humiliations and discrimination acts ... witnessed crime fraud management abusement ... [and] was a victim of a felony act months prior to" being terminated, that U.S. Postal Service managers "were informed of the abusement and crime activities ... since 2014," and that Defendant Antunez threatened "to turn [Plaintiff] in to immigration."  Complaint at 2-4.

Chief United States Magistrate Judge Carmen E. Garza notified Plaintiff that the Complaint failed to state a claim upon which relief can be granted because:

> most of the allegations regarding harassment, discrimination and retaliation are not supported by factual allegations describing the harassment and retaliation or the basis of the discrimination (i.e. Plaintiff's race, color, religion, sex, or national origin, or retaliation).  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the

defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The Complaint also does not identify what specific legal right Plaintiff believes Defendants violated.

It appears that Plaintiff's claims may be barred by a statute of limitations because the acts complained of occurred in 2016 or earlier and Plaintiff, who had "opened an EEO case," has not indicated when she opened the EEO case or provided a copy of right to sue letter from the EEOC.  *See* 31 U.S.C. § 3730(h)(3) (a civil action pursuant to the False Claims Act arising from retaliatory actions "may not be brought more than 3 years after the date when the retaliation occurred"); 42 U.S.C. § 2000e-5(f)(1) (once the EEOC determines not to pursue the charge, the employee has ninety days from receipt of the right to sue letter in which to file suit); 28 U.S.C. § 2401(a) ("A tort claim against the United States shall be forever barred unless it is presented in writing to appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of notice of final denial of the claim by the agency to which it was presented").

Doc. 5 at 3-4, filed October 6, 2021.  Judge Garza granted Plaintiff leave to file an amended complaint and notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case.  Plaintiff did not file an amended complaint by the October 27, 2021, deadline.

**IT IS ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**